IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DINAH KAYE HARRELSON, as Personal Represenative of the Estate of Tony Wayne Harrelson, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   CIVIL ACT. NO.  3:11cv827-CSC<br>)                          (WO) |
| UNITED STATES OF AMERICA, through its agents, servants, and employees or agents, servants, and employees of its agency the United States Postal Service, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On September 30, 2011, the plaintiff, Dinah Kaye Harrelson ("Harrelson"), filed this complaint against the United States of America, through its agency, the United States Postal Service, under the Federal Tort Claims Act ("FTCA") alleging negligence, and wantonness. Harrelson alleges that the Postmaster of Camp Hill Post Office failed to ensure adequate safety measures at that post office, thereby placing postal employees at great risk. As a result of the Postmaster's failure to provide adequate security, Harrelson's husband, a contract employee for the United States Postal Service, was murdered while picking up mail at the Camp Hill Post Office. Harrelson seeks compensatory damages.[1] The court has jurisdiction of this case pursuant to the jurisdictional grant contained in 28 U.S.C. § 1346.

---

[1] In her administrative claim, Harrelson sought $2,000,000.00. (Doc. # 1 at 2, ¶ 4).

On December 5, 2011, the defendant filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1), asserting that this court lacks subject matter jurisdiction because the plaintiff's claims are barred by the discretionary function exception to the FTCA, 28 U.S.C. § 1346(b) and 2680(a).  (Doc. # 7.)  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. The court has carefully reviewed the motion, the briefs filed in support of and in opposition to the motion, and concludes that the defendant's motion to dismiss is due to be granted.

## DISCUSSION

Harrelson's exclusive remedy is pursuant to the Federal Tort Claims Act.  *See* 28 U.S.C. § 2679.  Under the FTCA, Congress waived sovereign immunity and granted consent for the United States to be sued for acts committed by any "employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1). The FTCA, in pertinent part, provides that

> the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) & § 2679(b)(1).  "It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d

2

144, 150 (2nd Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206 (1983)); *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ("[S]overeign immunity bars suit against the United States [and its agencies] except to the extent it consents to be sued."). In accordance with the status conferred by the Postal Reorganization Act, 39 U.S.C. § 101, *et seq.*, "the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006).

> Although the Postal Reorganization Act generally "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,'" *Flamingo Industries, supra*, at 741, 124 S.Ct. 1321 (quoting 39 U.S.C. § 401(1)), the statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service," § 409(c).

*Id*. The FTCA likewise waives the United States government's sovereign immunity from suit in federal courts for certain tort claims arising from the actions of its employees. *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998); *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997).

However, there are several explicit exceptions to this waiver of sovereign immunity, *Cohen*, 151 F.3d at 1340, including the "discretionary function" exception at issue here. That exception provides that the Government is not liable for

> "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

28 U.S.C. § 2680(a).

The exception covers only acts that are discretionary in nature, acts that "involv[e] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1990) *quoting Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "[I]t is the nature of the conduct, rather than the status of the actor" that governs whether the exception applies. *United States v. Varig Airlines*, 467 U.S. 797, 813 (1984). In order for a claim to fall within the discretionary function exception of the FTCA, it must meet two requirements: (1) the challenged decision must involve an element of choice, and (2) the governmental decision must implicate an exercise of judgment grounded on considerations of public policy. *Gaubert*, 499 U.S. at 322. As to the first inquiry, "if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," and "the employee has no rightful option but to adhere to the directive," the conduct does not involve an element of choice and therefore is not discretionary. *Id*. (internal marks omitted); *Berkovtiz*, 486 U.S. at 536.

Harrelson relies on the Postal Operations Manual to assert that her claims are redressable under the FTCA because POM section 137.71 mandates that postal supervisors prevent any unauthorized access to mail handling areas. Harrelson contends that postal supervisors have no discretion in deciding to take measures to comply with that mandate. (Doc. # 11 at 5). Section 137.71 of the Postal Operations Manual provides as follows:

> Authority to access to mail and mailhandling areas in postal facilities is restricted to duly sworn postal employees and postal contractors on official business. Nonpostal maintenance personnel are permitted access to mailhandling areas only when postal employees are on duty there. All other persons (including former employees and off-duty employees) must be

4

specifically authorized access by the postal supervisor in the area involved. *Id*. at § 137.71.

Harrelson argues that because section 137.71 "severely restricts" access to the mail handling areas, "[n]o individual post office had the discretion to do nothing to prevent unauthorized access because a policy decision had been made to nationally bar all unauthorized access, even by off-duty postal employees." (Doc. # 11 at 5). According to Harrelson, postal supervisors at the Camp Hill post office were required to "enforce the absolute ban on unauthorized accessing of the mail and mailhandling area," and thus, they had no discretion in preventing all unauthorized access. (*Id*. at 6). Section 137.71 cannot be read in isolation, but rather must be considered in conjunction with other provisions contained in the Operations Manual. For example, the overview section clearly delineates that

> [t]his section contains general information concerning acceptance and handling of domestic and international mail and is provided as a convenient guide for use by postal employees involved in retail and retail-related services. In no instance should these general guidelines be construed to supersede the rules and regulations contained in the DMM and IMM.

Postal Operations Manual, Mail Acceptance and Handling, § 137, p. 47 (Issue 9, July 2002).

The first question for the court to determine is whether authorizing access to mail handling areas and security measures employed by postal supervisors at the Camp Hill post office were within their discretionary authority. A governmental action is not discretionary if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Berkovitz*, 486 U.S. at 536. The plaintiff's interpretation of section

5

137.71 ignores the discretion inherent in the section to control access to areas in question. The policy before the court demonstrates that the postal supervisors have considerable discretion about permitting access to mail handling areas. "All other persons (including former employees and off-duty employees) must be specifically authorized access by the postal supervisor in the area involved." Postal Operations Manual, Mail Acceptance and Handling, § 137.71 (Issue 9, July 2002). While the regulation requires authorization prior to access to mail handling areas, the ability to authorize that access is clearly a grant of discretion, permitting postal supervisors to decide who and when to allow access. Clearly, no federal statute, regulation, or policy specifies precisely how or when postal supervisors are to authorize access to mail handling areas. In *Hughes v. United States*, 110 F.3d 765 (11th Cir. 1997), the Eleventh Circuit held that the general guidelines contained in the Postal Operations Manual "do not mandate a specific course of conduct regarding security at a post office." *Id*. at 768. Although the plaintiff in *Hughes* relied on regulations related to security in post office lobbies, the court also relied on the general regulations designating the postmaster of each post office as the Security Control Officer.

> Regarding each individual post office, the postmaster or a supervisor designated by the postmaster acts as Security Control Officer for that post office and is "responsible for the general security of the post office, its stations and branches, in accordance with rules and regulations issued by the Chief Postal Inspector." 39 C.F.R. § 231.2. In addition, the Postal Operations Manual serves as regulations of the Postal Service. 39 C.F.R. § 211.2(a)(2).

*Id*.

Thus, the court concludes that postal supervisors' authority to permit access to

mailhandling areas and other security issues require "an element of judgment or choice," and is therefore discretionary. *See Gaubert*, 499 U.S. at 322. *See also Rodriguez v. United States*, 415 Fed. Appx. 143, 145 (11th Cir. 2011); *Williams v. United States*, 314 Fed. Appx. 253, 259 (11th Cir. 2009); *OSI, Inc. v. United States*, 285 F.3d 947, 950 (11th Cir. 2002).

Next, the court must determine whether the judgment afforded postal supervisors regarding access and security "is the type of judgment that the discretionary function exception was designed to shield." *Hughes*, 110 F.3d at 768. "[T]o prevent judicial second-guessing," the court determines whether the challenged decisions were based on social, economic, or public policy because the discretionary function exception operates to protect "governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 at 323. In making this determination, the court does not consider that subjective intent of the government employee or whether the employee actually weighed social, economic and political considerations. *Varig,* 467 U.S. at 814. Rather, the court looks to "the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert,* 499 U.S. at 325.

The Postal Service is charged with the responsibility of operating "as a basic and fundamental service provided to the people by the Government of the United States. . . . [with] its basic function the obligation to bind the Nation together through the personal, educational, literary, and business correspondence of the people." 39 U.S.C. § 101(a). To achieve this goal, the Postal Service "shall provide prompt, reliable, and efficient services to patrons in all areas and shall render postal services to all communities." *Id*. Security

decisions at post offices are "a fundamental part of the economic and social policy analysis required" to provide such service. *Hughes*, 110 F.3d at 768-69. Determination of how to provide necessary security, including authorizing access to mail handling areas, without interfering with Postal Service's primary service involves "judgment as to which range of permissible courses is the wisest." *Gaubert,* 499 U.S. at 325. Allocation of resources while providing prompt, reliable and efficient services, are decisions "susceptible to policy analysis," and are the kind of decisions that the discretionary function exception was designed to shield.

## CONCLUSION

"If one of the exceptions [of the FTCA] applies, the bar of sovereign immunity applies." *Dolan*, 546 U.S. at 485. The plaintiff's claims are barred by sovereign immunity because the alleged negligent conduct falls within the discretionary function exception to the FTCA. Accordingly, the court concludes that it lacks subject matter jurisdiction and this case must be dismissed with prejudice.

A separate final judgment will be entered.

Done this 2nd day of July, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE